**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TAMERA J. McLAUGHLIN, | ) |
| Administratrix of the Estate of Michael | ) |
| E. McLaughlin, Deceased, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )          02: 04cv1648 |
| | ) |
| NEWARK PAPERBOARD PRODUCTS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

January 8, 2007

Before the Court for consideration and disposition are the MOTION TO STRIKE

JURY DEMAND, with brief in support (*Document Nos. 59 and 60, respectively*), and the

MOTION TO STRIKE LIQUIDATED DAMAGES, with brief in support (*Document Nos. 63

and 64, respectively*) filed by Defendant Newark Paperboard Products ("Newark").  Plaintiff,

Tamera J. McLaughlin, Administratrix of the Estate of Michael E. McLaughlin, has filed

responses to each motion (*Document Nos. 61, 65*) and Defendant has filed a reply brief

(*Document No. 62*).  The matters are ripe for disposition. After a thorough review of the issues

and applicable case law, the Court concludes that Congress intended the right to recover

liquidated damages under the Uniform Services Employment and Reemployment Rights Act of

1994 ("USERRA"), 38 U.S.C. §§ 4301-4333 to survive a service member's death.

Accordingly, the Court will deny the motion to strike liquidated damages and will empanel a

jury for the purpose of determining whether Defendant willfully violated USERRA.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 28, 2004, Michael E. McLaughlin ("McLaughlin") initiated this action

against his former civilian employer, Newark, in which he alleged that Newark had

discriminated against him because of his military status, in violation of USERRA when it

terminated his employment on August 27, 2001, the first day he returned to work following two

weeks of National Guard duty. McLaughlin, a Lieutenant Colonel in the Pennsylvania Army

National Guard, was on active duty in Iraq from June 2005 until he was killed in action on

January 5, 2006. By Order of Court dated March 3, 2006, Tamera J. McLaughlin,

Administratrix of the Estate of Michael E. McLaughlin, Deceased, ("Plaintiff"), was substituted

as the proper party plaintiff for all further proceedings in this matter. On September 5, 2006,

this Court issued a Memorandum Opinion and Order which denied Defendant's motion for

summary judgment.

The instant motions are interrelated. Under USERRA, a plaintiff's sole right to a jury

trial is premised upon the statutory provision which allows plaintiffs to collect liquidated

damages if a defendant's violation of USERRA was willful. Defendant contends that

Plaintiff's right to seek liquidated damages ceased upon his death and therefore, there is no

issue for a jury to decide and the case should proceed to a bench trial.

**DISCUSSION**

The instant issue is fundamentally one of statutory interpretation. The question is: Did

Congress intend that a service member's right to recover liquidated damages under USERRA

should cease if he/she is killed in action or otherwise dies? The Third Circuit succinctly

outlined the principles of statutory construction in *Rosenberg v. XM Ventures*, 274 F.3d 137 (3d

Cir. 2001):

> The role of the courts in interpreting a statute is to give effect to Congress's intent. Because it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with an examination of the plain language of the statute. Where the statutory language is plain and unambiguous, further inquiry is not required.  To determine whether the statutory language is ambiguous, we must examine "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."

*Id.* at 141 (citations omitted).  The statutory provision at issue in the instant matter is 38 U.S.C.

§ 4323, which states, in relevant part:

> **(d) Remedies.--(1) In any action under this section, the court may award relief as follows:**
>
> **(A) The court may require the employer to comply with the provisions of this chapter.**
>
> **(B) The court may require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter.**
>
> **(C) The court may require the employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful.**
>
> **(2)(A) Any compensation awarded under subparagraph (B) or (C) of paragraph (1) shall be in addition to, and shall not diminish, any of the other rights and benefits provided for under this chapter.**

As set forth in Section 4323(d)(1)(C), Plaintiff has an explicit right to recover liquidated

damages.  The plain language of the text contains no express or implied restriction or limitation

on that right.  In particular, there is no textual basis for Defendant's position that the right

conveyed in Section 4323(d)(1)(C) would cease upon Plaintiff's death.  The lack of any

statutory limitation on the right to recover liquidated damages is significant in light of Section

4323(d)(2), which illustrates that Congress considered whether or not rights under the chapter

would be diminished.  Indeed, the statutory text granting a right to recover liquidated damages

appears to be plain and unambiguous.

A plain reading of the text is consistent with the broader context of the USERRA statute

as a whole.  USERRA was intended to confer broad employment and reemployment rights to

service members.  Section 4323(e) instructs courts to utilize their equitable powers to

"vindicate fully" the rights and benefits provided by the statute.  Courts have clearly established

that USERRA, like its predecessor statutes, is to be liberally construed for the benefit of those

who left civilian life to serve their country.  *Alabama Power Co. v. Davis*, 431 U.S. 581, 584

(1977); *Gordon v. Wawa, Inc.*, 388 F.3d 78, 81 (3d Cir. 2004).  Indeed, USERRA was enacted

to further strengthen veterans' reemployment rights and one of the additional protections not

available under predecessor statutes was the right to seek liquidated damages.  *See Duarte v.*

*Agilent Technologies, Inc.*, 366 F. Supp.2d 1036, 1037 (D. Colo. 2005) ("Duarte I").

Members of the armed forces are uniquely exposed to hazards which may result in death

during the pendency of a lawsuit, given the dangerous nature of their service to the country.

USERRA was enacted to eliminate employment disadvantages which may result from military

service.  38 U.S.C. § 4301.  It is undisputed that Michael McLaughlin would have had a right to

seek liquidated damages had he survived.  Given the statutory text and context, and the mandate

to construe USERRA broadly and liberally in order to fully vindicate the rights of service

members, the Court concludes that the tragic happenstance of McLaughlin's death in combat

did not terminate his right to recover liquidated damages under the statute.  Such a result would

conflict with the very purpose of USERRA.

Under Defendant's proposed analysis, the Court would first ask whether the claim at

issue (as opposed to the statute as a whole) was "penal" or "remedial."  The answer to this

question, Defendant contends, would then determine whether the right to pursue that claim

would survive Plaintiff's death.  Because there is limited case law interpreting the USERRA

provision at issue, Defendants urge the Court to rely on cases involving the Age Discrimination

in Employment Act (ADEA), which have contained a liquidated damages provision similar to

that in USERRA.  There are numerous cases which have concluded that the liquidated damages

provision in the ADEA is punitive in nature such that the right to recover such damages under

the ADEA ceases upon the plaintiff's death.  In *Duarte I,* the Court relied on ADEA precedents

to determine that a plaintiff who seeks liquidated damages under USERRA is entitled to a jury

trial.[1]  Defendant cites *Duarte I* for the proposition that because liquidated damages under

USERRA are predicated on a finding of willfulness, they are punitive in nature and do not

survive the plaintiff's death.  However, the plaintiff in *Duarte I* was alive and the Court did not

have to decide whether the statutory right to recover liquidated damages in a jury trial ceases

upon a service member's death.

The Court cannot accept Defendant's indirect and formalistic reasoning.  Because the

class of persons protected by USERRA are exposed to a unique risk of death in the service of

---

[1]The Court agrees with this aspect of *Duarte I.  See Curtis v. Loether*, 415 U.S. 189, 196 n. 11 (1974); *Spratt v. Guardian Auto. Prods.*, 997 F. Supp. 1138, 1141 (N.D. Ind. 1998) (citing *Calderon v. Witvoet*, 999 F.2d 1101, 1109 (7th Cir.1993)) (suits seeking liquidated damages provided by statute are "suits at common law" for purposes of Seventh Amendment right to jury trial).

the nation, a simplistic adoption of ADEA precedents regarding the survival of claims after

death is hardly proper.  Simply put, Congress could rationally intend to provide for survival of

remedies available to members of the armed forces under USERRA that may not be available to

victims of age discrimination under the ADEA.  Moreover, Defendant's methodology is

incompatible with the clear mandate from Congress, the Supreme Court and the Third Circuit

that the USERRA statute should be construed broadly.  Finally, it is not clear why an arbitrary

classification as "remedial" or "penal" should be conclusive of the distinct question of whether

a right of recovery survives death.[2]  It is even less clear why such a classification should limit

the right to recover liquidated damages under USERRA when the statutory text contains no

such limitation.  In summary, although there is support for each step of Defendant's proposed

analysis, it fundamentally misses the point.  The Court's task is to give effect to Congress'

intent.  As explained above, the Court concludes that Congress did not intend the right to

recover liquidated damages under USERRA to cease upon a service member's death in combat.

---

[2]In any event, the Court concludes that USERRA is a "remedial" rather than "penal"
statute.  In *Murphy v. Household Fin. Corp.*, 560 F.2d 206, 209 (6th Cir. 1977), the Court
established a three-part test: "1) whether the purpose of the statute was to redress individual
wrongs or more general wrongs to the public; 2) whether recovery under the statute runs to the
harmed individual or to the public; and 3) whether the recovery authorized by the statute is wholly
disproportionate to the harm suffered."  The purpose of the USERRA statute as a whole is to
redress wrongs to individual service members, the recovery runs directly to the harmed individual
(or his estate), and the recovery, even of liquidated damages, is directly proportionate to the harm.
Thus, even under Defendant's proposed analysis, the Court would find in favor of Plaintiff.

## CONCLUSION

For the reasons hereinabove set forth, the Motion to Strike Liquidated Damages will be denied and the Motion to Strike Jury Demand will also be denied.  An appropriate Order follows.


McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TAMERA J. McLAUGHLIN, Administratrix of the Estate of Michael E. McLaughlin, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )   02: 04cv1648 |
| | ) |
| NEWARK PAPERBOARD PRODUCTS, | ) ) |
| Defendant. | ) |

**ORDER OF COURT**

AND NOW, this 8th day of January, 2007, in accordance with the foregoing

Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that the

MOTION TO STRIKE JURY DEMAND (*Document No. 59*), and the MOTION TO STRIKE

LIQUIDATED DAMAGES (*Document No. 63)* filed by Defendant Newark Paperboard

Products are **DENIED**.

A jury trial will be scheduled forthwith.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:      Christy C. Wiegand,
        Assistant U.S. Attorney
        Email: christy.wiegand@usdoj.gov

        Richard I. Thomas, Esquire
        Email: thomasr@pepperlaw.com
        James P. Thomas, Esquire
        Email: thomasjp@pepperlaw.com
        Michael W. King, Esquire
        Email: mking@stockandleader.com